OPINION OF THE COURT
James Grayshaw, J.
The parties have submitted an agreed statement of facts with respect to the instant holdover proceeding.
*166 Petitioner, a private lending institution unlicensed by the State of New York, sues to obtain possession of the cooperative apartment 11J located at 69 West 9th Street in New York City (the premises). On May 24, 1990 petitioner loaned $96,000 to respondent. On two subsequent occasions, petitioner loaned respondent additional sums, bringing the total indebtedness to an aggregate principal of $116,000. The loans are evidenced by notes and a security agreement. Respondent pledged the shares of stock and proprietary lease appurtenant to the premises to petitioner in order to secure the loan. There is no documentation of the apartment corporation’s approval of respondent’s pledge of the shares and proprietary lease to petitioner. The apartment corporation is not a signatory to any of the loan closing documents including the recognition agreement.
Respondent defaulted in the payment of her interest installments and failed to make the balloon loan payment to petitioner as required by the notes and security agreement.
Respondent was notified of her default and of the acceleration of the loan notes from petitioner. Respondent received further notice from petitioner of its intent to sell the shares and proprietary lease appurtenant to the premises on a date certain, October 25, 1991. Both petitioner and respondent were in attendance at the sale. Petitioner was the only bidder for the shares and its bid was accepted by the auctioneer. The apartment corporation has not approved of the foregoing transfer and there is no stock certificate or proprietary lease issued by the said apartment corporation to the name of petitioner.
By amending certain provisions of article 9 of the Uniform Commercial Code (L 1988, ch 333, eff Oct. 1, 1988) the Legislature clarified the requirements for perfecting a security interest in a cooperative apartment. The UCC now expressly provides that a security interest in a cooperative apartment is covered by article 9 (UCC 9-104 Q]).
In the event of a default article 9 provides that the secured party has the option of resorting to foreclosure and a judicial sale, or of disposing of the collateral in a nonjudicial sale; there is no code requirement or implication that the secured party is to dispose of the collateral either with or without judicial supervision or approval. (See, UCC 9-504 [1].) Here, the secured party, i.e., petitioner, chose not to use a judicial sale, but proceeded to sell the property directly at auction. A *167 nonjudicial sale may be either public or private (UCC 9-504 [3]). The secured party may purchase the collateral at any public sale. The secured party may also purchase the collateral at a private sale under certain circumstances not here relevant. (Id.) Based upon the parties’ stipulated statement of facts, it is not clear whether petitioner purchased at a public or private sale. In either instance, however, the net effect of petitioner’s purchase is the same. The disposition transfers to the purchaser (petitioner) all of the debtor’s (respondent’s) rights in the collateral (UCC 9-504 [4]). The security interest is discharged and the purchaser takes free of all such rights and interests even if the secured party fails to comply with the requirements of article 9. (Id.)
Respondent argues that the instant proceeding must be dismissed because of petitioner’s lack of standing in that the apartment corporation did not approve the pledge of respondent’s shares to secure the loan; that the recognition agreement, evidence of the apartment corporation’s consent, is not signed by an officer of the said corporation; and further, that the apartment corporation did not approve the sale and purchase of shares by petitioner on October 25,1991.
RPAPL 713 (1) states that "[a] special proceeding may be maintained * * * (1) The property has been sold by virtue of an execution against him or a person under whom he claims and a title under the sale has been perfected.” In order to protect its rights as a lender, a majority of financial institutions now require the apartment corporation to "consent” to the loan by having at least one officer sign a "recognition agreement.” Such an agreement serves to inform the apartment corporation of the individual lessee/shareholder’s loan to purchase the apartment and the security therefor, while ensuring that the financial institution has a superior right to that of the corporation in the event the individual defaults on his or her loan. (1A Warren’s Weed, New York Real Property, Cooperatives § 6.02, n 12.)
The consequence of an unsigned recognition agreement is not, as respondent suggests, an invalid transfer of the shares. Rather, the only purpose of a signed recognition agreement is that the financial institution is ensured that the apartment corporation will not claim a superior right of title to the premises in the event of the debtor/shareholder’s default. The apartment corporation’s failure to approve the pledge of the shares as collateral for the loan does not affect respondent’s position with respect to the petitioner.
*168 Finally, article 9 does not require that a lender or secured party be licensed by the State of New York (UCC 9-105 [1] [m]).
Accordingly, the clerk is directed to enter a final judgment of possession in favor of petitioner and against respondent for the premises. The warrant shall issue forthwith, execution is stayed to and including February 26, 1993 provided respondent pays to petitioner any and all maintenance charges for the premises by the tenth day of each month of the stay commencing in December 1992. In the event respondent fails to pay the maintenance charges the warrant may be accelerated on five days’ notice of default from petitioner to respondent.